IN the MATTER OF the REINSTATEMENT OF Anne C. Gonzalez HARTWIG.

Supreme Court

*No. 94–0487–BA. Filed May 11, 1994.*

(Also reported in 515 N.W.2d 265.)

PER CURIAM.    *Review of Board of Bar Examiners decision; decision affirmed.*

This is a review, pursuant to SCR 31.11(1)(c),[1] of the decision of the Board of Bar Examiners (Board) denying the request of Anne Gonzalez Hartwig that the record of her suspension from the practice of law for failure to report compliance with continuing legal education requirements be expunged when the Board granted her petition for reinstatement to the practice of law upon having established compliance with the continuing legal education requirements for the years 1987 through 1993. Attorney Hartwig had requested, in the alternative, that her reinstatement be made retroactive to October, 1992, when she returned to Wisconsin and resumed the practice of law. The Board declined those requests on the grounds that it consistently has made a reinstatement effective the date of its decision granting reinstatement and did not find the petitioner's circumstances "sufficiently compelling" to justify an effective date other than the actual date of her reinstatement and that it determined that the suspension had been imposed properly under SCR

---

[1] SCR 31.11 provides:

**Reinstatement.**

. . .

(1)(c)  If the petition for reinstatement is denied, a notice of denial shall be served on the lawyer. After denial, a hearing shall be held by the board only upon written petition of the lawyer made within 30 days of service of the notice of denial, which petition for hearing shall be served on the board. The board shall conduct the hearing within 60 days after service of the petition for hearing and shall make and serve its findings and recommendations on the lawyer within 60 days after the close of the hearing, and, if adverse to the lawyer, shall notify the supreme court of its action. If reinstatement is denied, the findings and recommendations of the board shall be reviewed by the supreme court only upon written petition by the lawyer filed within 30 days of the date of the action of the board.

31.10(1)[2] and the facts on which the petitioner's request for expunction of the record of her suspension was based were easily differentiated from those facts on the basis of which the Board had expunged records of suspension on 10 prior occasions.

The Board's decision whether to grant the petitioner's alternative request was a discretionary one and we determine that the Board properly exercised its discretion in reaching its decision, as it was "demonstrably made and based upon facts appearing in the record and in reliance on the appropriate and applicable law." *In Matter of Bar Admission of Altshuler,* 171 Wis. 2d 1, 8, 490 N.W.2d 1 (1992). Accordingly, we affirm that decision.

The arguments proffered by Attorney Hartwig in support of her contention that she had established facts warranting expunction of her administrative suspension from practice are unpersuasive. Further, her assertion that the Board applied an inappropriate guideline, namely, whether she was the only one "at fault" in her failure to comply with the rules, in deciding whether to waive the continuing legal education

---

[2] SCR 31.10 provides:

**Noncompliance.**

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise that a lawyer failing to file evidence of compliance or pay the late fee within 60 days after service of the notice shall be ineligible to practice law in Wisconsin. The board shall certify the names of all lawyers in noncompliance under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while in noncompliance under this rule.

attendance and reporting requirements under SCR 31.12(2)[3] has no merit.

Attorney Hartwig first argued that, after relocating to North Carolina in 1987, she marked the portion of the State Bar dues statement for 1988-89 indicating that she was not engaged in the practice of law in Wisconsin and was justified in believing that, by so doing, she was electing "inactive" status in the State Bar and thus was no longer required to comply with the continuing legal education rules. Contrary to her position, Attorney Hartwig was listed on that dues statement as an "active" member and she paid the dues set forth on that statement applicable to active members, even though the statement specified a lesser amount of dues payable by "inactive" members. Moreover, although "inactive" State Bar members are required to pay annual dues in the amount of one-half the dues paid by active members, SCR 10.03(5)(a),[4] Attorney Hartwig paid no dues thereafter, whether as an active member or an inactive member, until after she returned to Wisconsin in 1992. Further, the court's rules regulating the State Bar specify that an active member's change to inactive status requires explicit

---

[3] SCR 31.12 provides:

**Extensions and waivers.**

. . .

(2)   The board may waive attendance and reporting requirements where to do otherwise would work an injustice.

[4] SCR 10.03 provides:

**Membership.**

. . .

(5)   Membership dues and reduction of dues for certain activities. (a) The annual membership dues for state bar operations for an active member shall be established as provided herein. Other classes of members shall pay the fraction of the dues of an active member as follows: . . . inactive member, one-half . . ..

written notice, SCR 10.03(3)(a),[5] and Attorney Hartwig gave no such notice.

Attorney Hartwig's second argument is that she did not receive correspondence or any other contact from the Board following her submission of the continuing legal education reporting form in 1989. The record discloses, however, that the Board sent her five letters to the address she had furnished to and was correctly recorded by the State Bar, which Attorney Hartwig concedes constitutes proper "service," and only one of those was returned, not because of an incorrect address or unknown addressee but because it went unclaimed after three attempts at delivery. Further, it appears Attorney Hartwig received one of the letters reminding her of her noncompliance, for she subsequently filed the form that had been enclosed with that letter. Also, the record shows that the Board sent Attorney Hartwig the notice of her suspension certified mail return receipt requested and the receipt was signed by her daughter.

Attorney Hartwig next argued that she justifiably relied on the failure of the staff of the State Bar to inform her of her continuing legal education suspension when she contacted the State Bar upon her return to Wisconsin in October, 1992 to notify it of her change of address and obtain the membership number that

---

[5] SCR 10.03 provides:

**Membership.**

. . .

(3)   Classes of membership. (a) The members of the state bar are divided into 4 classes: active members, judicial members, inactive members and emeritus members. . . . The class of inactive members includes those persons who are eligible for active membership but are not engaged in the practice of law in this state and have filed with the secretary of the association written notice requesting enrollment in the class of inactive members . . ..

had been assigned to her during her absence. As justification for Attorney Hartwig's continuing failure to submit continuing legal education forms to the Board following her return to Wisconsin and resumption of the practice of law in 1992, that argument has no merit.

Attorney Hartwig also contended that the Board improperly distinguished the facts of her case from the cases in which the Board previously had expunged records of suspension. Four of those cases involved State Bar errors in recording the addresses of the attorneys; others resulted from an error by a continuing legal education course sponsor, a State Bar error concerning the lawyer's membership status, the cancellation of a course because of weather and the misapplication of a rule governing the curing of an insufficiency reported on a continuing legal education form. While she correctly states that each of those cases concerned action or inaction by someone other than lawyer that contributed to the lawyer's noncompliance with the continuing legal education requirements, Attorney Hartwig erroneously contends that her failure to comply was attributable to the action or inaction of others.

Finally, there is nothing in the record to support Attorney Hartwig's contention that the Board of Bar Examiners erroneously exercised its discretion under SCR 31.12(2) to waive continuing legal education attendance and reporting requirements "where to do otherwise would work an injustice." On the facts of record and applying the relevant rules, the Board properly concluded that Attorney Hartwig presented no circumstances warranting a waiver of those rules and the expunction of the record of her administrative sus-

pension from the practice of law for her failure to comply with them.

*By the Court.*—Decision Affirmed.